William **SEYMOUR**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 23526.

United States Court of Appeals Fifth Circuit.

March 6, 1967.

**630**

Charles W. Tessmer, Dallas, Tex., for appellant.

B. H. Timmins, Jr., Asst. U. S. Atty., Melvin M. Diggs, U. S. Atty., Dallas, Tex., Marshall Tamor Golding, Atty., Crim. Div., Dept. of Justice, for appellee.

Before GEWIN, THORNBERRY and DYER, Circuit Judges.

THORNBERRY, Circuit Judge:

Seymour, a television news photographer, appeals from a judgment of the district court finding him guilty of criminal contempt for violating a standing order of the court which prohibits the taking of photographs in connection with any judicial proceeding on or from the same floor of the building on which courtrooms are located.[1] On March 11, 1966, appellant took television photographs of a defendant and his attorney in the hallway outside a courtroom as the defendant was being led from the courtroom at the termination of his arraignment proceedings. Cited for contempt for violation of the standing order, appellant waived his right to notice and time for preparation of his defense,[2] and the cause was heard summarily before the court.[3] Appellant was found guilty of contempt and assessed a fine in the amount of $25.

---

1. Misc. Order No. 381 (December 17, 1965), subscribed by each judge of the Northern District of Texas, provides:

   *STANDING ORDER*

   The Judicial Conference of the United States having adopted the following resolution:

   "RESOLVED, That the Judicial Conference of the United States condemns the taking of photographs in the courtroom or its environs in connection with any judicial proceeding, and the broadcasting of judicial proceedings by radio, television, or other means, and considers such practices to be inconsistent with fair judicial procedure and that they ought not be permitted in any federal court";
   and the "environs" of the courtroom having been generally interpreted to include all areas upon the same floor of the building upon which the courtrooms are located,
   IT IS ORDERED that the taking of photographs or broadcasting or televising in connection with any judicial proceeding on or from the same floor of the building on which courtrooms are located is forbidden.

2. As provided by F.R.Crim.P. 42(b).

3. Appellant was represented by his own counsel at this proceeding.

Appellant initially attacks the standing order for vagueness and further asserts that it fails to bear a sufficient relationship to the maintenance of orderly judicial administration. He urges that such order must of necessity derive its justification from 18 U.S.C. § 401(1), which empowers the court to punish misbehaviour "in its presence or so near thereto as to obstruct the administration of justice * * *." [4] Relying upon the rule that a court can punish conduct prohibited by § 401(1) only when it is in session, see Ex Parte Savin, 1889, 131 U.S. 267, 9 S.Ct. 699, 33 L.Ed. 150, appellant contends that the *order is fatally vague* because of its failure to define whether or not it applies to a terminated judicial proceeding, and if so, when such proceeding terminates. He further asserts that because the arraignment proceedings had terminated when he took the photographs, any reasonable relation the order may have had to the maintenance of orderly judicial administration was negated. It is apparent, however, that while the court's order might well encompass conduct proscribed by § 401 (1), appellant's contempt conviction cannot appropriately be viewed as resting upon that subsection but rather was entered pursuant to § 401(3), which extends the contempt powers of the court to "[d]isobedience of its lawful writ, process, order, rule, decree, or command." The plain wording of the order under attack prohibits the taking of photographs on or from a floor on which courtrooms are located *in connection with* any judicial proceeding. Clearly, the prohibition is not restricted to the taking of photographs only while a proceeding is in process or while the court is in session. It rather extends to the taking of photographs attendant to any judicial proceeding, whether in process, recessed, or terminated. If conduct which would be punishable under § 401(1) were all that the court had sought to prohibit, there would have been no necessity for the order since the contempt power under § 401(1) is self-implementing. It must therefore be concluded that in promulgating the standing order, the court sought to proscribe conduct which, except for such order, might have otherwise been permissible. Accordingly, in defining the scope of the order here involved it is wholly unnecessary to determine at what stage a judicial proceeding terminates or whether conduct transpiring subsequent to such termination is in the "presence" of the court or "so near thereto as to obstruct the administration of justice." There is therefore simply no merit to appellant's contention that the order is vague because it might encompass conduct which is not proscribed by § 401(1) when such conduct is precisely what the order is intended to reach.

The critical inquiry remains, however, whether enforcement of the order as promulgated is violative of appellant's First Amendment freedoms. More specifically, as presented by appellant, the issue resolves itself into that of whether the order represents an unconstitutional prior restraint upon the liberty of the press. Even were we to assume that First Amendment protections from unreasonable restraints upon the dissemination of news information [5] extend by implication to the *gathering* of

---

4. 18 U.S.C. § 401 provides:

A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—

(1) Misbehavior of any person in its presence or so near thereto as to obstruct the *administration of justice;*

(2) Misbehavior of any of its officers in their official transactions;

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

5. In sustaining the constitutional validity of a court order imposing similar restrictions upon the taking of photographs in or near the courtroom, the Court in Tribune Review Publishing Co. v. Thomas, 3d Cir. 1958, 254 F.2d 883, reasoned:

Realizing that we are not dealing with freedom of expression at all but with rules having to do with gaining access to information on matters of public interest, can it be argued that here there is some constitutional right for everybody not to be interfered with in finding out

such information as well, it still could not be successfully urged that the right to gather news is unconditional. It is beyond argument that a trial court must be afforded ample latitude to insure that an accused receives a fair trial comporting with fundamental due-process requirements—a proceeding conducted in an atmosphere of procedural decorum and as free as possible from the threat of prejudicial publicity. A defendant in a criminal proceeding should not be "forced to run a gantlet of reporters and photographers" each time he enters or leaves the courtroom. See Sheppard v. Maxwell, 1966, 384 U.S. 333, 354, 86 S.Ct. 1507, 1518, 16 L.Ed.2d 600, 616. The Supreme Court has recently observed that

> Due process requires that the accused receive a trial by an impartial jury free from outside influences. Given the pervasiveness of modern communications and the difficulty of effacing prejudicial publicity from the minds of jurors, *the trial courts must take strong measures to ensure that the balance is never weighed against the accused.* * * * [R]eversals are but palliatives; the cure lies in those remedial measures that will prevent the prejudice at its inception. *The courts must take such steps by rule and regulation that will protect their processes from prejudicial outside interferences.*

Sheppard v. Maxwell, supra, 384 U.S. at 362–363, 86 S.Ct. at 1522, 16 L.Ed.2d at

620. (Emphasis added.) Similarly, in Estes v. State of Texas, 1965, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543, Mr. Justice Harlan recognized that

> Once beyond the confines of the courthouse, a news-gathering agency may publicize, within wide limits, what its representatives have heard and seen in the courtroom. *But the line is drawn at the courthouse door;* and within, a reporter's constitutional rights are no greater than those of any other member of the public. *Within the courthouse the only relevant constitutional consideration is that the accused be afforded a fair trial.* (Emphasis added.)

Id. at 589, 85 S.Ct. at 1663, 14 L.Ed. 2d at 584 (concurring opinion);[6] see Irvin v. Dowd, 1961, 366 U.S. 717, 730, 81 S.Ct. 1639, 1646, 6 L.Ed.2d 751, 760 (Frankfurter, J., concurring); Tribune Review Publishing Co. v. Thomas, supra, 254 F.2d at 885.

■ In light of this authority, we are convinced that the order before us falls within the ambit of permissible maintenance of judicial decorum and represents a reasonable implementation of the due-process mandate to preserve at all costs an atmosphere essential to "the most fundamental of all freedoms"—a fair trial. See Estes v. State of Texas, supra, 381 U.S. at 540, 85 S.Ct. at 1632, 14 L.Ed.2d at 549. Accordingly, the judgment of the district court is hereby

Affirmed.

---

things about everybody else * * *. We think that this question of getting at what one wants to know, either to inform the public or to satisfy one's individual curiosity is a far cry from the type of freedom of expression, comment, criticism so fully protected by the first and fourteenth amendments of the Constitution.

If a judge may, for the purpose of maintaining order and decorum, control the taking of pictures in his own court-room it can hardly be successfully argued that his power stops when one closes

the court-room door. * * * Id. at 885; see United Press Ass'ns v. Valente, N.Y.Ct.App.1954, 308 N.Y. 71, 76, 123 N.E.2d 777, 778.

6. Chief Justice Warren, in a concurring opinion in *Estes*, cited with approval the resolution of the Judicial Conference of the United States which is set forth in its entirety in the standing order at issue in this controversy, note 1 supra, and forms the basis of that order. 381 U.S. at 582, 85 S.Ct. at 1653, 14 L.Ed.2d at 573.