Ron DORFMAN, Joel Snyder, Association of Working Press, Incorporated, Writers' Guild of America, East, Chicago Unit, Chicago Newspaper Guild, on behalf of themselves and all other persons and organizations similarly situated, Plaintiffs-Appellants,

v.

John MEISZNER, United States Marshal, and Thomas A. Foran, United States Attorney for the Northern District of Illinois, Defendants-Appellees.

No. 18018.

United States Court of Appeals, Seventh Circuit.

June 19, 1970.

As Modified on Denial of Rehearing Sept. 16, 1970.

Edgar Bernhard, Stanley A. Bass, David Goldberger, Chicago, Ill., for appellants.

Thomas A. Foran, U. S. Atty., Mattias A. Lydon, Chicago, Ill., John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel, for appellees.

Before SWYGERT, Chief Judge, and CUMMINGS and PELL, Circuit Judges.

PER CURIAM.

This class action was brought by plaintiffs as representatives of the Chicago press seeking a judgment declaring invalid Rule 34 of the United States District Court for the Northern District of Illinois, and enjoining its enforcement. The district court dismissed the complaint[1] and plaintiffs brought this appeal.

Rule 34 was promulgated on September 17, 1969 and provides in relevant part:

> The taking of photographs in the courtroom or its environs or radio or television broadcasting from the courtroom or its environs, during the progress of or in connection with judicial proceedings, including proceedings before a United States Commissioner, whether or not court is actually in session, is prohibited.

> The area included as environs is defined as follows:

> For the Courthouse of the Eastern Division at Chicago: the entire 25th, 24th, 23rd, 21st, 20th, 19th, 18th, 16th, 15th, 14th, 2nd and ground floors, including the plaza and sidewalks surrounding the Courthouse.[2]

Two amendments were later added. The first provided that photographs or radio and television broadcasting by authorized members of the press "in connection with judicial proceedings" were permitted in one particular room of the federal building during regular business hours. The second amendment reads:

> To enable law enforcement agencies, Federal, State and Local, to obtain and

---

1. The defendants filed no responsive pleadings in the court below. On appeal the parties did not indicate that any facts were in dispute.

2. The courtrooms of the district court are located on floors 19, 21, 23, and 25. The United States Commissioner and the United States Marshal are on the 24th floor. The grand jury room and the United States Attorney's offices are located on the 15th floor. The 20th floor contains offices of the Clerk of the district court, the Treasury Department, and two congressmen. The 18th floor contains offices of United States Senator Charles Percy, the Equal Employment Opportunity Commission, the Federal Communications Commission, the Federal Housing Administration, and the Treasury Department. The 16th floor contains offices of the various referees in bankruptcy, court reporters, the Court of Claims, three congressmen, and one jury room. The 14th floor contains offices of the Secretary of the Air Force, the Civil Service Commission, the Commission on Civil Rights, the Commerce Department, the Federal Mediation and Conciliation Service, the health clinic, and the library of the United States Courts. The second floor contains a press room, a cafeteria, a restaurant, a passport office, and the building manager's office.

preserve evidence of criminal offenses committed within the United States Courthouse at 219 South Dearborn Street, Chicago, Illinois, and its environs,

IT IS ORDERED that law enforcement officials, Federal, State and Local, acting within the course of their duties are hereby authorized to employ photographic equipment within the United States Courthouse and its environs, but only to photograph and record evidence of criminal offenses occurring in their presence within said United States Courthouse and its environs.[3]

The courthouse in Chicago is actually a combined courthouse and federal office building with twenty-seven occupied floors, a large glass-enclosed public lobby, and a limited area surrounding the building which includes an open plaza frequently used for demonstrations. Plaintiff Snyder, the photographic editor of the Chicago Journalism Review, testified that, pursuant to Rule 34, he was denied entrance into the federal building for the purpose of photographing a line of newsmen at the marshal's office on the 24th floor and was prohibited from taking a picture of a sign posted on the glass in front of the building. He also stated that he is unable to photograph demonstrations on the plaza around the building and is forced to stand across the street where the camera's line of vision to the subjects of his photographs are often blocked and where the distance precludes accurate photography.

■ Plaintiffs agree that a court may protect, by reasonable measures, the integrity of its proceedings from those interferences which may accompany the exercise of certain activities otherwise protected by the first amendment. Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); Estes v. Texas, 381 U.S. 532, 85 S.Ct.

1628, 14 L.Ed.2d 543 (1965); Cox v. Louisiana, 379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 487 (1965). But, they argue, such restraints, to be reasonable, must be drawn as narrowly as possible consistent with protection of both the integrity of the judicial proceedings and the exercise of individuals' constitutional rights. United States v. Robel, 389 U.S. 258, 88 S.Ct. 419, 19 L.Ed.2d 508 (1967); N.A.A.C.P. v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); Chase v. Robson (7th Cir., No. 18424, May 1, 1970).

■ We hold that the district court may, by rule, exclude photographing and broadcasting from those areas of the courthouse which would lead to disruption or distraction of judicial proceedings, but that the rule complained of here goes beyond the scope permitted by the first amendment. Accordingly, plaintiffs were entitled to a declaratory judgment to that effect and an injunction prohibiting enforcement of those parts of the rule declared invalid.

The Supreme Court has held that picketing may constitutionally be prohibited from the areas surrounding a courthouse where, due to the close proximity of the courtroom to the outside grounds, such picketing would interfere with judicial proceedings. Cox v. Louisiana, 379 U.S. 559, 85 S.Ct. 476, 13 L. Ed.2d 487 (1965). In the *Sheppard* and *Estes* cases the Court held that the right to a fair trial demands the absence of large numbers of reporters and the accouterments of the broadcasting media from the courtroom and its immediate surroundings. Thus, the law not only allows but compels the courts to insure that judicial proceedings are conducted in an orderly, solemn environment free from the interferences which so often accompany modern news coverage of the events.

However, constitutional standards restrict the methods by which a court or

---

3. Plaintiffs cite this amendment as recognition of the need for close-range photography in order to accurately record events.

other governmental branch can limit the press to the narrowest rules or orders which will accomplish the desired goal. The achievement of a legitimate governmental object "cannot be pursued by means that broadly stifle fundamental personal liberties when the end can be more narrowly achieved. The breadth of legislative abridgment must be viewed in the light of less drastic means for achieving the same basic purpose." Shelton v. Tucker, 364 U.S. 479, 488, 81 S.Ct. 247, 5 L.Ed.2d 231 (1960). Thus, in order to avoid a conflict between individual rights and the pursuit of valid governmental goals, restrictions on otherwise protected conduct must be drawn as narrowly as possible to conform to the "letter and spirit" of the first amendment. United States v. Robel, *supra,* 389 U.S. at 268, 88 S.Ct. 419.

■ It is within this framework of balancing that we now turn to an examination of Rule 34. We think that the district court was acting within its discretion in prohibiting photographing and broadcasting inside as well as in the areas adjacent to the courtrooms.[4] Moreover, the extension of the prohibition to the entire floor on which a courtroom is located, as well as the area surrounding the elevators on the first floor, is also permissible as a measure reasonably calculated to promote the integrity of the court's proceedings. *See,* Sheppard v. Maxwell, *supra.*

■ However, the extension of Rule 34 to the floors of the federal building where there are no courtrooms, to the large center lobby on the first floor, and to the plaza and outside areas surrounding the building is broader than is necessary to accomplish the stated purpose. The courtrooms in the federal building are windowless chambers whose walls do not border the outside walls of the building. The lowest floor housing a courtroom presently in use is nineteen floors above the ground. It must be conceded that, as distinguished from the situation in *Cox* no foreseeable noise or commotion occurring on the first floor or outside the building would disturb the proceedings in a courtroom.

The Government contends that the presence of cameras on the ground level, especially in the areas of ingress and egress to the elevators leading to the upper floors, would have an unstabling effect on witnesses, jurors, and parties to judicial proceedings.[5] Our disagreement with the Government's argument is not that a court is powerless to protect the participants and proceedings from immediate harassment from the press, but that Rule 34, which seeks to accomplish that concededly legitimate goal, is overbroad and, in effect, prohibits conduct which does not threaten to disrupt judicial process, as well as that which does.

■ A literal reading of Rule 34 prohibits a photographer from taking a picture of anyone in any of the areas enumerated in the definition of environs "during the progress of or in connection with judicial proceedings * * * whether or not the court is actually in session. * * *" Thus, the United States Senator who has offices on the 18th floor could not hold a press conference (in which cameras or broadcasting equipment were employed) in which he discussed a judicial proceeding, or, regardless of the topic, during any time when such a proceeding was being held. The rule would likewise prohibit effective photographing or broadcasting of a demonstration in the plaza if it concerned in any way judicial proceedings or if it occurred during the progress of

---

4. We agree that the 24th floor on which are located the offices of the United States Commissioner and the United States Marshal and the 15th floor on which are located the offices of the United States Attorney and the grand jury room may be treated in the same manner as those floors on which are located the courtrooms of the district court.

5. As previously stated, the areas immediately surrounding the elevators on the ground floor are properly within the scope of the rule.

such a proceeding.[6] The protection of the integrity of the courtroom offers no justification for such a broad scope of exclusion. Any prior restraint on the press must be confined to those activities which offer immediate threat to the judicial proceedings and not to those which are merely potentially threatening. Craig v. Harney, 331 U.S. 367, 378, 67 S.Ct. 1249, 91 L.Ed. 1546 (1947).

■ We do not by our holding mean to imply that in a particular proceeding, where members of the news media abuse their privilege by blocking traffic within the building or by harassing participants in such a proceeding, a district judge may not impose proper restraints on the activities of the press. But to do so by a blanket rule is inconsistent with both the letter and the spirit of the first amendment. Margoles v. United States, 407 F.2d 727, 733 (7th Cir. 1969).

The judgment of the district court is reversed and the case is remanded with directions to enter a declaratory judgment and injunction consistent with the views expressed in this opinion.

6. Although the Government offers a narrow interpretation of Rule 34 and argues that its enforcement would be limited to such interpretation, "we cannot assume that, in subsequent enforcement, ambiguities will be resolved in favor of adequate protection of First Amendment rights." N.A.A.C.P. v. Button, *supra*, 371 U.S. at 438, 83 S.Ct. at 340. Moreover, we do not think that the use of the conjunctive rather than the disjunctive would save the rule.