**In the Matter of Contempt Proceedings against Mark D. ACUFF.**

**Crim. No. 24408.**

United States District Court, D. New Mexico.

Aug. 17, 1971.

Ronald Ginsburg, Asst. U. S. Atty., Albuquerque, N. M., appeared for the court.

Ronald Taylor, Dan A. McKinnon, III, Albuquerque, N. M., for Acuff.

## MEMORANDUM OPINION AND ORDER

VEARLE PAYNE, Chief Judge.

This petition was brought by the United States for an order to show cause why the respondent, Mark D. Acuff, should not be held in criminal contempt for an alleged violation of Local Rule 17 of this court.

Two questions are raised by the petition:

First, whether Rule 17 is over-broad so as to violate rights guaranteed to the respondent by the First Amendment.

Second, whether the respondent knowingly violated the Rule so as to be guilty of criminal contempt of this court.

The District Court for the District of New Mexico has adopted the following rule:

## RULE 17. COURT ROOM DECORUM

USE OF PHOTOGRAPHY, RADIO, AND TELEVISION EQUIPMENT IN THE COURTROOM AND ITS ENVIRONS. The taking of photographs in the courtroom or its environs or radio or television broadcasting from the courtroom or its environs, during the progress of or in connection with judicial proceedings, including proceedings before a United States Magistrate whether or not court is actually in session, is prohibited.

The environs are hereby set and defined by this Order as the entire floor in the several buildings upon which the courtrooms of this District are located, and the entire floor of other buildings wherein Magistrate proceedings are held.

N.M.D.R. 17 (revised June 10, 1971)

This Rule was adopted in order to conform with a resolution of the Judicial Conference of the United States adopted in March of 1962.

ANNUAL REPORTS OF THE PROCEEDINGS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES 9 (1962)

The Committee reported that it had taken notice of increasing activity by the press, radio and television broadcasting media, and others, calling for a relaxation of the present prohibition of taking photographs in the courtroom during the progress of judicial proceedings and the broadcasting of judicial proceedings by radio and television. The Committee believes this subject to be of such immediate importance that it warrants an expression of policy by the Judicial Conference at this time.

It is the view of the Committee that in the interest of efficient judicial administration and to aid in the preservation of the right to a fair and impartial trial, the Conference should reaffirm its adherence to the principle declared in Rule 53, Federal Rules of Criminal Procedure, and broaden it to include television broadcasting and the taking of photographs within the environs of the courtroom, making it applicable to all proceedings in the federal courts. The Conference considered the matter and voted to approve the following resolution:

Resolved, That the Judicial Conference of the United States condemns the taking of photographs in the courtroom or its environs in connection with any judicial proceedings, and the broadcasting of judicial proceedings by radio, television, or other means, and considers such practices to be inconsistent with fair judicial procedure and that they ought not to be permitted in any federal court.

The United States Supreme Court gave tacit approval to the Judicial Conference Resolution in Estes v. Texas, 381 U.S. 532, 581–582, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1964).

## CONSTITUTIONALITY OF THE RULE

Respondent contends that Local Rule 17 contains a definition of "environs" which is so over-broad as to violate his rights under the First Amendment.

Respondent agrees that the rule is valid as it concerns photographing or broadcasting within the courtroom itself. He challenges the portion of the rule which defines "environs" as including "the entire floor * * * upon which the courtrooms of this District are located * * *" as a prior restraint upon the freedom of the press by virtue of its extension to areas in which judicial proceedings are not in session.

The Court finds from the evidence that the respondent took photographs in the Clerk's office on the thirteenth floor, that there was a judicial proceeding in progress on the thirteenth floor at the time and, further, that the pictures were taken of the New Mexico Attorney General filing a suit in this Court, which the Court holds to be "in connection with a judicial proceeding" as defined by the rule.

The respondent's challenge to the rule centers on the definition of "environs" which includes the entire floor on which a courtroom is located. The case law does not support the respondent's position.

The recent case of Dorfman v. Meiszner, 430 F.2d 558 (1970) dealt with the over-breadth of a similar local rule. In that case, the Court of Appeals for the Seventh Circuit found portions of the rule to be over-broad. However, the local rule in that case extended to areas in which there was no substantial risk of disruption or distraction of judicial proceedings.[1] The Court stated that had the rule been confined to floors on which there was such risk, that the district court could "by rule, exclude photographing and broadcasting from those areas * * *". The Court went on to say that as to such areas[2]". * * * the law not only allows but compels the courts to insure that judicial proceedings are conducted in an orderly, solemn environment free from interferences which so often accompany modern news coverage of the events."

The Circuit Court of Appeals of the Fifth Circuit, in the case of Seymour v. United States, decided that a rule similar to our rule was proper. The factual context in which the Seymour case arose was persuasively similar to this case. The proceeding in that case was on an appeal by Seymour, a television news photographer, from a judgment of the District Court finding him guilty of criminal contempt for violating the rule. Subsequent to court recess, Mr. Seymour took television photographs of a defendant and his attorney outside of the courtroom in a hallway after the defendant had left the courtroom in which he was arraigned.

In upholding the rule in that case, the Court concluded:

> * * * (w)e are convinced that the order before us falls within the ambit of permissible maintenance of judicial decorum and represents a reasonable implementation of the due process mandate to preserve at all costs an atmosphere essential to "the most fundamental of all freedoms"—a fair trial.[3]

1. *Dorfman* dealt with broadcasting in the Chicago courthouse which was actually a combined courthouse and federal office building. Inclusion within the local rule of the large glass-enclosed public lobby and area surrounding the building including an open plaza used for demonstrations, was held beyond the scope permitted by the First Amendment.

2. Dorfman v. Meiszner, 430 F.2d 558, 562 & n. 4 (1970). "We agree that the 24th floor on which are located the offices of the United States Commissioner and the United States Marshal and the 15th floor on which are located the offices of the United States Attorney and the grand jury room may be treated in the same manner as those floors on which are located the courtrooms of the district court."

3. Seymour v. United States, 373 F.2d 629 (1967).

In a discussion on the Judicial Conference Resolution, Wright in his treatise states:

> In a number of districts local rules or standing orders of the court have been made consistent with the Judicial Conference resolution. That these rules and orders are constitutional, as against First Amendment claims, seems perfectly clear, and violation of such an order may be punished as contempt.[4]

█ I hold, therefore, that Rule 17, adopted by the District Court for the District of New Mexico, is both valid and constitutional.

## VIOLATION OF THE RULE

We next pass to the question of whether Mr. Acuff acted in violation of the Rule and, therefore, in contempt of Court.

█ In criminal contempt cases, the burden of proof requires the evidence show contempt beyond a reasonable doubt.[5] The United States has failed to show beyond a reasonable doubt that Mr. Acuff had knowledge of, or intent to violate, the local rule of this court at the time he took the pictures.

The evidence shows that just as Mr. Acuff was about to take the photographs, one of the deputy clerks told him that he could not take photographs on the thirteenth floor. Nevertheless, he snapped the photograph. Immediately thereafter, another deputy clerk cautioned him against taking photographs on the thirteenth floor, but he took another photograph either simultaneously therewith or very soon thereafter. There is a conflict in the evidence about comments he made concerning taking the Marshal's picture, but in view of the

"*It is ordered* that the taking of photographs or broadcasting or televising in connection with any judicial proceeding on or from the same floor of the building on which courtrooms are located is forbidden."

The rule in *Seymour* was also adopted to conform with the resolution of the Judicial Conference.

holding of the Court, no resolution of that matter is necessary.

The evidence also showed other factors which contributed to lack of proper notice. Mr. Norvell, the chief law-enforcement officer of New Mexico, had invited Mr. Acuff to come to the Clerk's office to take his picture as he filed a certain case. It is also true that although Rule 17, as revised, had been adopted on June 10, 1971, the revised rules had not yet been printed and disseminated.

█ I, therefore, find that although Mr. Acuff was warned not to take pictures by the two deputy clerks, the warning, under the circumstances, was not equivalent to notice of the existence of a court rule which expressly prohibited the taking of photographs.

## CONCLUSION

The Court, therefore, finds that the respondent is not guilty of contempt of court. It is, however, patently clear that Rule 17 is constitutional and proper in every respect.

## REMARKS

The Court appreciates the alertness of those who attempted to enforce its rules. Further, the issues raised by the petition were well argued and briefed by both parties. The Court also had the benefit of fine briefs by attorneys acting as friends of the Court.

## ORDER

It is, therefore, ordered and adjudged that Rule 17 of this court be, and hereby is, declared valid and constitutional.

It is further ordered and adjudged that the respondent, Mark D. Acuff, is not guilty of criminal contempt.

4. Wright, Federal Practice and Procedure Criminal § 861 (1969).

5. "It is well settled that a person charged with criminal contempt is presumed innocent and must be proven guilty beyond a reasonable doubt." Yates v. United States, 316 F.2d 718, 725 (10th Cir. 1963).