TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 97-106 |
| of | : | |
| | : | July 21, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE GIL GARCETTI, DISTRICT ATTORNEY, COUNTY OF LOS ANGELES, has requested an opinion on the following question:

May the presiding judges of a superior court and municipal court prohibit the possession of firearms by deputy district attorneys going to and from their offices located in a criminal justice facility that includes courtrooms, if the deputies are licensed to carry such firearms and they would not be carrying the firearms on any floor of the facility containing a courtroom?

CONCLUSION

The presiding judges of a superior court and municipal court may not prohibit the possession of firearms by deputy district attorneys going to and from their offices located in a criminal justice facility that includes courtrooms, if the deputies are licensed to carry such firearms and they would not be carrying the firearms on any floor of the facility containing a courtroom.

ANALYSIS

The Legislature has generally prohibited any person from carrying "concealed upon his or her person any pistol, revolver, or other firearm capable of being concealed upon the person." (Pen. Code, § 12025, subd. (a)(2).) **Footnote No. 1** Exempt from this prohibition are peace officers (§ 12027, subd. (a)) and those issued a license to carry a firearm (§ 12027, subd. (j)), among others. Licenses to carry firearms are issued under the terms of section 12050, which state in part:

"(a)(1) The sheriff of a county or the chief or other head of a municipal police department of any city or city and county, upon proof that the person applying is of good moral character, that good cause exists for the issuance, and that the person applying is a resident of the county, may issue to that person a license to carry a . . . firearm capable of being concealed upon the person . . . ."

The "license may include any reasonable restrictions or conditions which the issuing authority deems

warranted . . . ." (§ 12050, subd. (b).) Applications for licenses are filed pursuant to section 12051, subdivision (a)(1):

> "Applications for licenses shall be filed in writing, signed by the applicant, and shall state the name, occupation, residence and business address of the applicant, his or her age, height, weight, color of eyes and hair, and reason for desiring a license to carry the weapon. Any license issued upon the application shall set forth the foregoing data and shall, in addition, contain a description of the weapon or weapons authorized to be carried, giving the name of the manufacturer, the serial number, and the caliber. . . ."

Each applicant must be fingerprinted, and the Department of Justice is directed to furnish "all data and information pertaining to any applicant of which there is a record in its office" to the licensing authority. (§ 12052, subd. (a); see generally *Salute* v. *Pitchess* (1976) 61 Cal.App.3d 557, 559-561; 62 Ops.Cal.Atty.Gen. 595, 596-599 (1979).)

We are advised that several deputy district attorneys in Los Angeles County, particularly those who are members of the office's Hard Core Gang Unit, have been issued licenses to carry a firearm for "good cause" (§ 12050, subd. (a)(1)), i.e., their own safety, security, and protection. The issue to be resolved is whether the presiding judges of the county's superior court and municipal court may prohibit the deputies from carrying their licensed firearms to and from their offices if the offices are located in a criminal justice facility that also contains courtrooms. We conclude that the judges may not do so under the circumstances presented.

Criminal justice facilities in California may contain a variety of government offices, including those of the district attorney, public defender, and police department, as well as a bureau of investigation, criminal laboratory, communications center, and jail, besides courtrooms for criminal prosecutions. (See Gov. Code, § 6520; see also *McMorris* v. *Alioto* (9th Cir. 1978) 567 F.2d 897, 899; *Dorfman* v. *Meiszner* (7th Cir. 1970) 430 F.2d 558, 560, fn. 2.) The facility in question contains courtrooms on some of the floors, and the offices of the district attorney, public defender, and the district attorney's bureau of investigation on other floors of the facility.

In analyzing the issues presented, we first examine the terms of section 171b, which state:

> "(a) Any person who brings or possesses within any state or local public building . . . any of the following is guilty of a public offense punishable by imprisonment in a county jail for not more than one year, or in the state prison:

> "(1) Any firearm.

> ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

> "(b) Subdivision (a) shall not apply to, or affect, any of the following:

> "(1) A person who possesses weapons in, or transports weapons into, a court of law to be used as evidence.

> "(2)(A) A duly appointed peace officer as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, a retired peace officer with authorization to carry concealed weapons as described in subdivision (a) of Section 12027, a full-time paid peace officer of another state or the federal government who is carrying out official duties while in California, or any person summoned by any of these officers to assist in making arrests or preserving the peace while he or she is actually engaged in assisting the officer.

"(B) Notwithstanding subparagraph (A), subdivision (a) shall apply to any person who brings or possesses any weapon specified therein within any courtroom if he or she is a party to an action pending before the court.

"(3) A person holding a valid license to carry the firearm pursuant to Article 3 (commencing with Section 12050) of Chapter 1 of Title 2 of Part 4.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(c) As used in this section, `state or local public building' means a building that meets all of the following criteria:

"(1) It is a building or part of a building owned or leased by the state or local government, if state or local public employees are regularly present for the purposes of performing their official duties. A state or local public building includes, but is not limited to, a building that contains a courtroom.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

Accordingly, it is a crime under section 171b to possess a firearm in a criminal justice facility, but the deputies in question are exempt from the statutory prohibition since they hold "a valid license to carry the firearm." (§ 171b, subd. (b)(3).) We note that they would also be exempt from specified other crimes relating to the possession of firearms. (See, e.g., §§ 171c, 171d.)

With this background in mind, we examine the authority of judges to control, supervise, and administer their courtrooms. Code of Civil Procedure section 128 provides in part:

"(a) Every court shall have the power to do all of the following:

"(1) To preserve and enforce order in its immediate presence.

"(2) To enforce order in the proceedings before it, or before a person or persons empowered to conduct a judicial investigation under its authority.

"(3) To provide for the orderly conduct of proceedings before it, or its officers.

"(4) To compel obedience to its judgments, orders, and process, and to the orders of a judge out of court, in an action or proceeding pending therein.

"(5) To control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

Code of Civil Procedures section 177 additionally states:

"Every judicial officer shall have power:

"1. To preserve and enforce order in his immediate presence, and in proceedings before him, when he is engaged in the performance of official duty;

"2. To compel obedience to his lawful orders as provided in this Code;

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

As part of standard court security procedures throughout the state, the Judicial Council has recommended in part:

> "No trial court should approve a Court Security Plan that does not limit the wearing of firearms in the courthouse or courtrooms to peace officers and proscribe the wearing of firearms in such places by all other persons." (Cal. Standards Jud. Admin., § 7, subd. (c).) **Footnote No. 2**

Here, it must be noted, we are not dealing with deputy district attorneys carrying firearms in a courtroom or in a traditional "courthouse." Rather, they would possess the firearms going to and from their own offices for purposes of security as authorized by a law enforcement officer. Their offices are on different floors from the floors upon which the courtrooms are located in the facility. They would not pass any courtrooms going to or from their offices. If they were prohibited from possessing the firearms within the facility, they would not be able to carry the firearms between the building and the surrounding area such as public parking lots. We note that no incidents of improper use of the firearms by deputy district attorneys have been reported.

Whatever power a court may have to control its own courtrooms for purposes of security (see *In re Carvallo* (1973) 29 Cal.App.3d 983, 986 ["Certainly one of the highest judicial duties is reasonably to insure the safety and security of the court and its officers, litigants and attending public"]), such power must be exercised reasonably (*Hays* v. *Superior Court* (1940) 16 Cal.2d 260, 264 ["a trial court has the power to exercise reasonable control over all proceedings connected with the litigation before it"]; see also 75 Ops.Cal.Atty.Gen. 51, 57 (1992)).

Hence, although a court has the authority to enforce a valid order (Code Civ. Proc., § 177.5 ["A judicial officer shall have the power to impose reasonable money sanctions . . . for any violation of a lawful court order . . ."]; see *Farr* v. *Superior Court* (1971) 22 Cal.App.3d 60, 69-70), the court's order must be "reasonable" to be valid. For example, the presiding judges of the superior court and municipal court may reasonably order that anyone entering the criminal justice facility in question must pass through a metal detector. (See *McMorris* v. *Alioto*, *supra*, 567 F.2d at 899-901.) On the other hand, it would clearly be unreasonable for the presiding judges to prohibit persons from carrying firearms anywhere within five miles of the criminal justice facility if they have valid licenses to carry them.

We believe that, on balance, the judges' order in the instant matter goes too far with respect to the rights of the deputy district attorneys. We find support for this conclusion in the somewhat analogous case of *Dorfman* v. *Meiszner*, *supra*, 430 F.2d 558. In *Dorfman*, a federal court prohibited the taking of any photographs in a federal building containing courtrooms and various government offices, including those of the Untied States Attorney. (*Id*., at p. 560, fn. 2.) After observing that a trial court may protect the integrity of its proceedings (*id*., at p. 561), the court of appeals held that the lower court's order was too broad in controlling the activities of other government offices on different floors of the building (*id*., at pp. 562-563).

We find it significant that the deputy district attorneys have been authorized by a law enforcement officer to carry firearms for their own safety. It may not be reasonably suggested that they should be barred from possessing the firearms while in their own offices, as well as between their offices and public areas outside the building, because of safety concerns of judges located in a different part of the facility. Under the Legislature's statutory scheme regulating the licensing of concealed weapons, the law enforcement officer issuing the license is charged with imposing any appropriate conditions or restrictions as to time, place, or manner in the carrying of the firearms. (§ 12050, subd. (b).)

We conclude that the presiding judges of a superior court and municipal court may not

prohibit the possession of firearms by deputy district attorneys going to and from their offices located in a criminal justice facility that includes courtrooms, if the deputies are licensed to carry such firearms and they would not be carrying the firearms on any floor of the facility containing a courtroom.

* * * * *

**Footnote No. 1**
All references hereafter to the Penal Code are by section number only.
**Footnote No. 2**
The Judicial Council is directed to "adopt rules for court administration, practice and procedure, not inconsistent with statute . . . ." (Cal. Const., art. VI, § 6.)