In the Matter of Criminal Contempt Proceedings against Michael Mazzetti.

Michael MAZZETTI, Appellant,

v.

UNITED STATES of America, Appellee.

No. 74–1610.

United States Court of Appeals, Tenth Circuit.

June 23, 1975.

Morris W. Sandstead, Jr., Boulder, Colo., for appellant.

Robert J. Roth, U. S. Atty., and Monti L. Belot, Asst. U. S. Atty., Kansas City, Kan., for appellee.

Before LEWIS, Chief Judge and HOLLOWAY and BARRETT, Circuit Judges.

LEWIS, Chief Judge.

Michael Mazzetti, a newspaper reporter-photographer, was sentenced to fifteen days' imprisonment by the United States District Court for the District of Kansas following a judgment of contempt under 18 U.S.C. § 401(3). After a full evidentiary hearing on an order to show cause and response to an information filed, the court determined that Mazzetti had in fact wilfully violated Local Rule 18 of the court [1] by persist-

1. Rule 18, entitled "Courtroom Decorum," provides in pertinent part as follows:

(a) The taking of photographs in any courtroom or its environs in this district, or radio or television broadcasting (or making of audio or video tapes) in any courtroom or its environs, during the progress of or in connection with judicial proceedings, includ-

ently taking photographs of federal prisoners and other photographs in prohibited areas of the federal courthouse premises at Leavenworth, Kansas. No appellate dispute is presented concerning the court's findings of fact, and Mazzetti's appeal is limited to his contention that Rule 18 constitutes an improper restraint upon his first amendment rights of free speech and free press, that the subject rule is constitutionally overbroad, and that as a result his conviction cannot stand. We disagree and affirm the judgment of the district court, holding that Rule 18 is constitutionally permissible and properly applicable to Mazzetti's conduct.

The United States Post Office and Courthouse Building at Leavenworth has but two stories, housing the post office on the first floor and the court facilities on the second. These court facilities consist of the courtroom, jury room, judges' chambers, marshal's office and a holding cell. A stairway from the second floor leads to a side door which opens to the federal parking lot.

On the day of Mazzetti's offense, omnibus hearings for federal prisoners were being conducted before a United States magistrate. At the conclusion of the hearings, four federal prisoners were escorted by United States marshals down the stairway to a prison bus that was parked on the north side of the building approximately ten feet from the side door. During this occurrence Mazzetti left the public sidewalk and crossed the parking lot to a distance of about ten feet from the bus. He took a number of pictures of the bus and the prisoners. One of the marshals informed Mazzetti of Rule 18 and of its prohibition against

taking pictures in and from the parking lot area. Mazzetti protested, asserting a right as a member of the press, but was nevertheless escorted by the marshals back to the public sidewalk. Mazzetti persisted, re-entered the parking lot and followed the marshals back toward the bus, taking pictures as he went. He was then arrested and placed in the second floor holding cell where he again took pictures. He later relinquished his camera to his attorney who surrendered it to the marshals.

The evidence showed and the court found that the prisoners were orderly when they were put aboard the bus. As the recited incident occurred, they became noisy and hostile, yelling obscenities and climaxing the event by throwing parts of their clothing through the windows as the bus departed. Some such incident was not totally unanticipated as it was known that the hearings would receive broad press coverage. The court found that immediately prior to the start of the hearings the Chief Deputy Marshal had informed a group of newsmen that the court's order prohibited the taking of photographs in the court's environs but not from the street or sidewalk. Mazzetti was in that group of newsmen.

Rule 18 is overbroad, so says Mazzetti, because through its description of "environs," which includes not only the *courtroom* environs but also *courthouse* environs such as the parking lot, it effectively prohibits activity that poses no threat to the orderly conduct of judicial proceedings. We summarily reject this contention as the rule has been applied to Mazzetti and his conduct. The very facts of this case indicate that the threat to the judicial process portended by Mazzetti's activity was sufficiently immedi-

ing proceedings before a United States Magistrate, whether or not Court is actually in session, is prohibited except as hereinafter provided, and regardless of whether or not such hearing or proceeding takes place on federal property, in the private office of the magistrate or otherwise.

&ast; &ast; &ast; &ast; &ast; &ast;

(c) "Environs," as used in this Rule, shall include the United States courthouses occu-

pied or used by the United States District Court as courthouses in the District of Kansas, including but not limited to all parking areas, court related offices, and entrances to and exits from the said buildings and areas, or so close to any such facilities as to disturb the order or decorum of the court.

&ast; &ast; &ast; &ast; &ast; &ast;

ate to justify the rule as a reasonable, before-the-fact measure against interference with the court and its functions. *See* Sheppard v. Maxwell, 384 U.S. 333, 362–63, 86 S.Ct. 1507, 16 L.Ed.2d 600. The decision of the Seventh Circuit in Dorfman v. Meiszner, (7th Cir.) 430 F.2d 558, is clearly distinguishable. In *Dorfman* the court considered whether a district court was empowered to prohibit the taking of photographs in the environs of its courtroom, where those environs included twelve floors, the plaza, and the surrounding sidewalks of a twenty-seven floor federal building. The courtrooms were on the 19th, 21st, 23rd, and 25th floors. Related judicial and prosecutor offices were on the 15th, 16th, 20th, and 24th floors. The court held that the rule was impermissibly broad because its prohibition extended to areas, such as the ground floor plaza and sidewalks, where "no foreseeable noise or commotion" could disturb the court's own proceedings. 430 F.2d at 562.

■ Although conceding generally the necessity of maintaining court decorum, Mazzetti suggests nonetheless that his status as a newsman should carry a special first amendment impact. The suggestion as a generality has been negated in Saxbe v. Washington Post Co., 417 U.S. 843, 850, 94 S.Ct. 2811, 41 L.Ed.2d 514 and most certainly a newsman in the circumstances of this case has no special right to foster a disturbance or create news himself.

The Supreme Court has recognized that in certain rare cases a rule or law may be constitutionally overbroad because the "statutes's very existence may cause others not before the court to refrain from constitutionally protected speech or expression." Broadrick v. Oklahoma, 413 U.S. 601, 612, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830. Rule 18 is, however, not facially overbroad, for its compulsion lies reasonably within the boundaries of proximity to judicial proceedings and, as noted in *Broadrick,* if other circumstances of its application not here present or contemplated arise, they can be considered on a case-by-case ba-

sis. 413 U.S. at 615–16, 93 S.Ct. 2908. In its present posture Rule 18 is "a reasonable implementation of the due-process mandate to preserve . . . an atmosphere essential to 'the most fundamental of all freedoms'—a fair trial." Seymour v. United States, 5 Cir., 373 F.2d 629, 632, *quoting* Estes v. Texas, 381 U.S. 532, 540, 85 S.Ct. 1628, 14 L.Ed.2d 543. *See also* In re Acuff, D.N.M., 331 F.Supp. 819.

The judgment is affirmed.