**UNITED STATES of America, Plaintiff,**

**and**

**Yonkers Branch-National Association For the Advancement of Colored People, et al., Plaintiffs-Intervenors,**

**v.**

**YONKERS BOARD OF EDUCATION; City of Yonkers; and Yonkers Community Development Agency, Defendants.**

**CITY OF YONKERS and Yonkers Community Development Agency, Third-Party Plaintiffs,**

**v.**

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, and Secretary of Housing and Urban Development, Third-Party Defendants.**

**No. 80 CIV 6761 (LBS).**

United States District Court, S.D. New York.

June 26, 1984.

U.S. Dept. of Justice, Civ. Rights Div., Joshua P. Bogin, Kenneth Barnes, Michael L. Barrett, Sarah Vanderwicken, Washington, D.C., for plaintiff U.S.

Michael H. Sussman, Brooklyn, N.Y., for plaintiffs-intervenors N.A.A.C.P.

Vedder, Price, Kaufman, Kammholz & Day, Michael W. Sculnick, Gerald S. Hartman, Nicholas D'Ambrosio, New York City, for defendants City of Yonkers and Yonkers Community Development Agency.

Butzel, Long, Gust, Klein & Van Zile, John B. Weaver, John H. Dudley, Mark T. Nelson, Detroit, Mich., for defendant Yonkers Bd. of Educ.

Hall, Dickler, Lawler, Kent & Howley, Paul Whitby, New York City, for defendant Yonkers Bd. of Educ.

U.S. Dept. of Justice, Civil Div., Raymond M. Larizza, Calvin E. Davis, Kirk Victor, Washington, D.C., for third-party defendant Dept. of Housing & Urban Development.

John W. Herold, Office of Litigation, Washington, D.C., for U.S. Dept. of Housing & Urban Development.

Cammer & Shapiro, P.C., New York City, for Ray Marchitello, Movant; Robert Cammer, New York City, of counsel.

## OPINION

ŜAND, District Judge.

Ray Marchitello, a newspaper reporter for *The Yonkers Home News & Times*, has moved to intervene in this action, asking that the Court allow him to make a tape recording of the proceedings by the use of a miniature cassette recorder. The motion for intervention for this limited purpose is granted, and the application is denied on the merits.

Courtroom tape recording is prohibited by General Rule 7 of the Rules for the United States District Courts for the Southern and Eastern Districts of New York, which provides in relevant part:

> The taking of photographs and the use of recording devices in the courtroom or its environs, except by officials of the court in the conduct of the court's business ... during the progress of or in connection with judicial proceedings or otherwise, whether or not court is actually in session, is prohibited.

Mr. Marchitello asks that this court either grant him a waiver of General Rule 7 or declare that the rule is unconstitutional as violative of the First Amendment. For the reasons stated below, we decline to grant a waiver of the rule and affirm its constitutionality.

### Waiver

■ Movant's affidavit avers that if allowed to tape the court proceedings, Mr. Marchitello would not in any manner exploit the recordings for commercial gain, but instead would use the recordings solely to aid in the preparation of his newspaper reports of the proceedings, and would erase the tapes once these reports were published.

We assume that Mr. Marchitello's representations are accurate, made in good faith and will be complied with. We assume further for the purposes of this application, without deciding, that an individual district judge has the power to waive a local rule in an appropriate case where it appears that application of the rule would have an unintended or untoward consequence, would not serve to undermine the rule in other cases and would not be contrary to the spirit or purpose of the rule. We conclude, however, that this application does not fall within such a category, and that, were we to waive General Rule 7 in this case, we would be opening the door to widespread abuse of the procedure and would be jeopardizing the efficient functioning of the court reporter system.

Although, as above noted, we accept for purposes of this application movant's representations as to the limited use he would make of the tape recordings, the inability of the court to gauge the sincerity of other such applications and effectively to police compliance appears obvious.

Further, the court has great doubts respecting Mr. Marchitello's need to tape-record the proceedings, as contrasted to that of others who may be expected to make similar applications, were this motion granted. Compare, for example, movant's need with that of counsel for an impecunious litigant in a civil or even a criminal case who cannot afford but would find extremely useful a daily record of the proceedings. Only last week, this court was faced with an application in a criminal case for a daily transcript to be provided at taxpayer's expense if the government ordered a daily transcript. The issue was mooted when the government stated that it would refrain from ordering a daily transcript.

Certainly, the needs of counsel, who must not only observe what is transpiring,

but who must play an active role as a participant and decision maker in the proceedings, for an expeditious record of the trial is as great as that of a reporter, whose sole responsibility is to observe accurately and report.[1]

This court does not see how it could grant Mr. Marchitello's application and deny litigants and their counsel similar rights. The upshot of all this would be to undermine substantially the present court reporting system.

The present court reporting system's reliability and effectiveness has been proven over the years. *See* Proceedings of the special session of the Court on the retirement of Simon Lubow after 47 years of service as a court reporter, June 7, 1984, page 7 (reference to the destructive competitive reporting system which once prevailed in this court). In exchange for the exclusive right to transcribe court proceedings, the court reporters, without cost to the court or the taxpayers, record proceedings and furnish the court with transcripts on request, even when transcripts are not ordered by the litigating parties. No doubt the official court reporter system has aspects that may superficially appear anachronistic in the age of micro-cassette recordings. Many other proceedings, such as the use of sketch artists instead of cameras, may also appear anachronistic, and in light of modern technology they may be more difficult than previously to justify as a means of maintaining courtroom order and decorum. It is possible that many of these procedures will be modified after careful consideration of the consequences. *See* remarks of Chief Judge Cooke of the New York State Court of Appeals, New York Law Journal, June 18, 1984, page 1, column 2 (recommending that court proceedings be opened to television cameras and still photographs).

In light of the aforementioned, we believe that it would be inappropriate for one judge to waive a rule which was so recently reenacted by all the judges of the Southern and Eastern Districts of New York.[2] The continuing wisdom and appropriateness of this rule, as well as all other local court rules, is the subject of continuing scrutiny and analysis by the judges of this court and especially of the Rules Committee, to which committee this opinion will respectfully be referred.

## Constitutionality

Mr. Marchitello asserts that the First Amendment is violated by Rule 7's absolute bar on the recording of courtroom proceedings. However, the cases decided by the Supreme Court of the United States relied upon by movant to support this claim are concerned with the constitutionality of the exclusion of the press from court proceedings. This Court is in no sense denying Mr. Marchitello's access to the instant court proceedings; he is free to attend them, take notes freely and report on the proceedings to the public. Indeed, this Court has repeatedly noted the desirability of widespread public discussion in Yonkers and elsewhere of the issues raised by the proceedings. The Court recommends and encourages such discussion. However, freedom of the press is not abridged by Rule 7. It is firmly established that in a courtroom " 'a reporter's constitutional rights are no greater than those of any other member of the public.' " *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 609, 98 S.Ct. 1306, 1318, 55 L.Ed.2d 570 (1978) (quoting *Estes v. Texas*, 381 U.S. 532, 589, 85 S.Ct. 1628, 1663, 14 L.Ed.2d 543 (1965) (Harlan, J., concurring)). Mr. Marchitello neither claims nor has any rights greater than the rights of the litigants in this case and their attorneys, who are also denied the ability to tape the proceedings. In fact, it has been specifically recognized that freedom of the press does not give reporters the right to record, photograph or broadcast judicial proceedings.

---

1. The Chief Court Reporter has advised the Court that the practice of his office is to make transcripts available to members of the press at reduced rates.

2. The Rules were reenacted by the Judges of the two districts in November, 1983.

*See, e.g., Estes v. Texas,* 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543; *Combined Communications Corp. v. Finesilver,* 672 F.2d 818 (10th Cir.1982); *Mazzetti v. United States,* 518 F.2d 781 (10th Cir.1975).

Finally, it should be noted that federal district court rules similar to General Rule 7 have been held valid despite assertions that they violated the freedom of the press. *Mazzetti v. United States, supra; Dorfman v. Meiszner,* 430 F.2d 558 (7th Cir. 1970); *In re Acuff,* 331 F.Supp. 819 (D.C.N. M.1971).

### Conclusion

In light of the aforementioned determinations, the motion to waive or invalidate Rule 7 is denied.

SO ORDERED.