UNITED STATES of America, et al., Plaintiffs,

v.

YONKERS BOARD OF EDUCATION, City of Yonkers, et al., Defendants,

and

Ray Marchitello, Intervenor-Appellant.

Cal. No. 1754, Docket 84–6204.

United States Court of Appeals, Second Circuit.

Argued Aug. 6, 1984.

Decided Oct. 29, 1984.

See also, D.C., 518 F.Supp. 191; D.C., 594 F.Supp. 466.

Robert Cammer, New York City (Cammer & Shapiro, P.C., New York City), for intervenor-appellant.

Before VAN GRAAFEILAND and WINTER, Circuit Judges, and BARTELS,* District Judge.

VAN GRAAFEILAND, Circuit Judge:

The development of newspaper reporting as a skilled profession did not await the invention of the modern tape recorder. For decades, newsmen have practiced this profession successfully with the aid of pencil and paper, reporter's "shorthand", and a well-trained memory. Intervenor-appellant, Ray Marchitello, a reporter for several Westchester County newspapers, says that these tools do not suffice for him. He sought to take a cassette recorder into a Southern District courtroom to assist him in reporting on a trial taking place before Judge Sand. Judge Sand denied appellant's motion for permission to do so because of Rule 7 of the General Rules for the United States District Courts for the Southern and Eastern Districts of New York, which prohibits

> [t]he taking of photographs and the use of recording devices in the courtroom or its environs, except by officials of the Court in the conduct of the court's business, or radio or television broadcasting from the courtroom or its environs during the progress of or in connection with judicial proceedings.

This is an appeal from Judge Sand's order. 587 F.Supp. 51.

■ At the outset, we are confronted with the question whether the case before us has become moot because the trial before Judge Sand, or at least the liability portion of it, has ended. Appellant has not sued as the representative of a class and has made no showing that competent reporters require the assistance of a tape recorder in gathering the news. Indeed, if a reporter is skilled in note-taking, as he should be, the use of a tape recorder has been said to be not only superfluous, but also a hindrance in writing a story, especially where there is a news deadline to be met. See D.R. Williamson, *News Gathering* 77 (Hasting House, Publishers, 1979). However, because we reasonably may ex-

pect that, unless appellant becomes more proficient in his work, he will have similar problems in reporting other trials in the Southern District, *see Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603, 102 S.Ct. 2613, 2618, 73 L.Ed.2d 248 (1982), we will proceed to the merits.

■ Appellant's argument in this Court is a constitutional one. Although appellant has suggested that Rule 7 might be construed to forbid only broadcasting from the courtroom, either live or from a tape recording, the obvious clarity of the Rule has persuaded him not to press this contention. Appellant likewise acknowledges a weakness in his argument that Judge Sand had the right to waive application of the Rule and abused his discretion in failing to do so. Rule 7 is an example of the local rules that district courts are authorized to adopt. So long as such rules do not conflict with rules prescribed by the Supreme Court, congressional enactments, or constitutional provisions, they have the force of law. *Weil v. Neary*, 278 U.S. 160, 169, 49 S.Ct. 144, 148, 73 L.Ed. 243 (1929); *Galveston Dry Dock & Const. Co. v. Standard Dredging Co.*, 40 F.2d 442, 444 (2d Cir. 1930). Accordingly, they are binding on the district judges until properly amended or repealed. *United States v. Hastings*, 695 F.2d 1278, 1283 n. 13 (11th Cir.), *cert. denied*, 461 U.S. 931, 103 S.Ct. 2094, 77 L.Ed.2d 303 (1983); *Woods Construction Co. v. Atlas Chemical Industries, Inc.*, 337 F.2d 888, 890–91 (10th Cir.1964). When questioned at oral argument, appellant's counsel conceded that, if he were to succeed on appeal, it would have to be on the ground that Rule 7, as applied to appellant, violated the First Amendment. We conclude, however, that Judge Sand did not err in rejecting this contention.

In a series of fairly recent cases, the Supreme Court has held that the First Amendment protects the right of the press and public to attend trial proceedings. *Press-Enterprise Co. v. Superior Court of Cal.*, —— U.S. ——, 104 S.Ct. 819, 78

---

* Of the United States District Court for the Eastern District of New York, sitting by designation.

L.Ed.2d 629 (1984); *Globe Newspaper Co. v. Superior Court, supra,* 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248; *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980). Appellant acknowledges that these landmark "freedom of the press" cases deal with physical exclusion and that he is not being excluded physically. He concedes that he is free to attend the trial, take notes, and report on his observations. Appellant asserts, nevertheless, that, since he relies heavily on his tape recorder, he effectively is excluded from the court if he cannot use his machine. This argument demonstrates a misunderstanding of the role of spectators at judicial proceedings.

Unlike Broadway plays, trials are not conducted for the purpose of entertaining or enlightening an audience. The participants' roles are real, not feigned, and their performances, if such they be called, are, or should be, for the primary benefit of the judge and the jury. Because few courtrooms are designed like theaters, it is inevitable that some spectators will be unable to see and hear everything that takes place. Moreover, although some trial participants speak loudly and distinctly, others barely can be heard by the judge and jury. If, as appellant contends, the right to attend includes the right to record, appellant would be "effectively excluded" from the courtroom if he were so seated that his tape recorder could not pick up and transcribe the proceedings. We think appellant construes too broadly his First Amendment right to attend.

The Supreme Court repeatedly has held that the First Amendment does not guarantee reporters a right of access to information greater than that of the general public. *See, e.g., Houchins v. KQED, Inc.,* 438 U.S. 1, 10–12, 16, 98 S.Ct. 2588, 2594–95, 2597, 57 L.Ed.2d 553 (1978); *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 609–10, 98 S.Ct. 1306, 1317–18, 55 L.Ed.2d 570 (1978); *Pell v. Procunier,* 417 U.S. 817, 833–35, 94 S.Ct. 2800, 2809–2810, 41 L.Ed.2d 495 (1974); *Branzburg v. Hayes,* 408 U.S. 665, 684–85, 92 S.Ct. 2646, 2658, 33 L.Ed.2d 626 (1972). If the right to at-

tend carries with it the right to record, this right should not be denied any courtroom spectator. The Southern and Eastern District judges could not have been unmindful of that fact when they enacted Rule 7. Recalling Justice Harlan's admonition, when concurring in *Estes v. Texas,* 381 U.S. 532, 590, 85 S.Ct. 1628, 1663, 14 L.Ed.2d 543 (1965), that he would not hesitate to bar even pencils and notebooks from a courtroom if he thought they would have a "distorting effect", we are not prepared to hold that the district judges erred in concluding that the presence of tape recorders in a courtroom would have just such an effect.

It appears from the Supreme Court's decisions on the subject that the First Amendment right of access is limited to physical presence at trials. In *Richmond Newspapers, Inc. v. Virginia, supra,* 448 U.S. at 564–73, 100 S.Ct. at 2820–25, Chief Justice Burger traced the roots of the right of access to the "long history of trials being presumptively open," and concluded that "the First Amendment can be read as protecting the right of everyone to attend trials." *Id.* at 575, 100 S.Ct. at 2826. Aside from its historical basis, the right of access to trials serves to safeguard the integrity of the fact-finding process and foster public respect for the judicial system. *Press-Enterprise Co. v. Superior Court of Cal., supra,* 104 S.Ct. at 823–24; *Globe Newspaper Co. v. Superior Court, supra,* 457 U.S. at 606, 102 S.Ct. at 2620. These purposes are served fully by allowing both press and public to be present in the courtroom.

Appellant's asserted right to record is not strengthened by reference to the public's right to know. If there is any truth in the Chinese proverb that "[o]ne picture is worth more than ten thousand words," the argument that appellant makes for a right to record could be made with equal force for a right to photograph. Yet, it is well settled that, insofar as courtroom proceedings are concerned, the latter right is not guaranteed by the Constitution.

**114**

Estes v. Texas, supra, 381 U.S. at 539–44, 85 S.Ct. at 1631–33; id. at 583–86, 85 S.Ct. at 1653–54 (Warren, C.J., concurring); United States v. Hastings, supra, 695 F.2d 1278; Combined Communications Corp. v. Finesilver, 672 F.2d 818 (10th Cir.1982); Mazzetti v. United States, 518 F.2d 781 (10th Cir.1975); Seymour v. United States, 373 F.2d 629 (5th Cir.1967); Tribune Review Publishing Co. v. Thomas, 254 F.2d 883 (3d Cir.1958).

■ Because Rule 7 does not violate appellant's right of access and does not prohibit him from communicating any of what he observes to his readers, the Rule is simply a "time, place, and manner" restriction, which should not be subjected to strict scrutiny, but should be upheld if reasonable. Richmond Newspapers, Inc. v. Virginia, supra, 448 U.S. at 581 n. 18, 100 S.Ct. at 2829–30 n. 18; Globe Newspaper Co. v. Superior Court, supra, 457 U.S. at 607 n. 17, 102 S.Ct. at 2620 n. 17; United States v. Hastings, supra, 695 F.2d at 1282; United States v. Gurney, 558 F.2d 1202, 1210 (5th Cir.1977), cert. denied, 435 U.S. 968, 98 S.Ct. 1606, 56 L.Ed.2d 59 (1978).

■ Clearly, Rule 7 is reasonable. Even if it be assumed that appellant would abide by his promises to Judge Sand that he would not broadcast or distribute his tapes, there remains the likelihood that witnesses would be inhibited by the mere knowledge that their words were being recorded by outside observers. Moreover, other would-be users of recording devices might be less reliable in their expressions of innocent intent. The presence of tape recorders in the hands of spectators inevitably would detract from the dignity and decorum of a courtroom. Added to all this is the possibility noted by the district court that allowing indiscriminate recording of trial proceedings might undermine the official court reporter system.

Although we assume without deciding that appellant has the right to claim injury to his readers in not receiving accurate information about the trial, the fact of the matter is that no information is being with-

held from either appellant or his readers. As the district court noted, to allow appellant to record the proceedings under these circumstances would not be fair to others, particularly the litigants, whose freedom and financial security may be at stake but who are not permitted to use recording devices.

Rule 7 is a reasonable "time, place, and manner" restriction and is constitutional. The district court's order is affirmed.