**In re Gene FLINN.**

**No. 91–0868–CIV.**

United States District Court,
S.D. Florida.

Sept. 26, 1991.

Gene Flinn, Miami, Fla., for plaintiff.

Lawrence F. Kaine, Miami, Fla., for defendant.

### ORDER ON MOTION FOR RULE 11 SANCTIONS

ATKINS, District Judge.

THIS CAUSE is before the Court on Petitioner LAWRENCE PLUMMER'S Motion for Rule 11 Sanctions. After careful consideration of the pleadings and upon independent review of the entire file, it is ORDERED AND ADJUDGED that the motion is GRANTED.

#### Background

Petitioner Lawrence Plummer seeks Rule 11 sanctions against Gene Flinn for filing a notice of deposition in bad faith and for improper purpose. Plummer originally requested Rule 11 sanctions in his Motion to Quash Subpoena and Enter Protective Order, which he filed after receiving Flinn's notice of deposition and a deposition subpoena commanding him to bring a number of documents. In support of this motion, Plummer argued that the issues the case for which he was deposed had nothing to do with him or with the materials requested. He also argued that the purpose of the subpoena was to "vex and harass [him] and cause him embarrassment," further noting that the subpoena was issued on short notice of four days with a weekend in the middle.

On May 13, 1991, Judge Davis granted the motion to quash and to enter a protective order. The following day, May 14, 1991, Plummer filed a Supplemental Memorandum of Law in Support of Rule 11 Sanctions.

On June 20, 1991, more than twenty days after Plummer's motion, Flinn filed a memorandum in opposition to Plummer's request for Rule 11 sanctions. In his memorandum, Flinn argued that the subpoena served on Plummer was related to Flinn's disbarment case in that it concerned allegations that the disbarment proceedings were intentionally brought during Flinn's 1988

political race against Plummer. The implication is that Plummer was somehow involved in the disbarment proceedings against Flinn, apparently as a campaign tactic.

Plummer responded with a Motion to Strike Flinn's untimely memorandum of June 20, 1991, arguing that in addition to being untimely, it had nothing to do with taking Plummer's deposition. Plummer reiterated his request for Rule 11 sanctions in this motion.

On July 8, 1991, Flinn filed a Reply to Plummer's Motion to Strike, including an excerpt from a transcript which was unidentified and not clearly relevant to the request for Rule 11 Sanctions or the Motion to Strike.

Finally, on July 19, Plummer filed a response alleging that the alleged dialogue in the transcript did not refer to nor involve the case, Plummer, or his attorney. He also alleged that Flinn "continued with a barrage of irrelevant and nonsensical pleadings" despite the Court's May 13 protective order. Again he requested Rule 11 sanctions.

The Rule 11 sanctions Plummer seeks against Flinn are for reasonable attorney's fees. Plummer also submitted a Petition for Attorney's Fees in which he requests $2,100 for 10.5 hours of work by his attorney, Lawrence Kaine. The itemization of charges is limited to work performed by Kaine which was related to the request for Rule 11 sanctions. In addition to this Petition, an Affidavit of Attorney's Fees was filed by Attorney Alan Schneider stating his opinion that the requested fees were reasonable.

### Analysis

Rule 11 sanctions are warranted in at least three instances: 1) when a party files a pleading that has no reasonable factual basis; 2) when a party advances a legal theory that has no reasonable chance of success and that cannot be advanced as reasonable; and 3) when a party files a pleading for purposes of harassment or delay. *United States v. Milam*, 855 F.2d 739, 742 (11th Cir.1988). However, "if a

reasonably clear legal justification can be shown for the filing the paper in question, no improper purpose can be found and sanctions are inappropriate." *National Association of Government Employees, Inc. v. National Federation of Federal Employees*, 844 F.2d 216, 224 (5th Cir.1988) (citing *Zaldivar v. Los Angeles*, 780 F.2d 823, 829 (9th Cir.1986)). A pleading that satisfies the Rule 11 requirement of being well grounded in fact and warranted by existing law cannot "harass" a defendant, regardless of the plaintiff's subjective intent. *Id.* at 223.

Flinn argues that the notice of deposition he filed was well grounded in fact and warranted by law and, therefore, it could not have been filed with an improper purpose. However, the filing of a pleading for an improper purpose is not immunized from Rule 11 sanctions just because it is well grounded in fact and law. *National Ass'n of Govt. Employees*, 844 F.2d at 224. The case for filing with an improper purpose can be made, for example, by filing excessive motions—even if they are factually and legally well grounded. *Id.*

In a case factually similar to this one, Rule 11 sanctions were granted where a party filed numerous motions "containing endless inane assertions that defendants and their attorneys conspired with the trial judge 'in hiding the true facts of his case.'" *Edwards v. Groner*, 124 F.R.D. 605, 608 (D.V.I.1989). In *Edwards v. Groner*, many of the filings included exhibits the relevance of which was "neither apparent nor explained." *Id.* at 608. The court found that such conduct constituted a violation of Rule 11, and that an award of costs, expenses and attorneys fee's attributable to the Rule 11 violation was appropriate. *Id.* at 610.

A review of the record shows that, as in *Groner*, many of Flinn's exhibits are not apparently relevant or explained. Additionally, many of the facts he alleges and the arguments he asserts do not appear to be relevant. *See, e.g.,* Flinn's Reply to Plummer's Motion to Strike and for Sanctions. It is understandable that Flinn

would want to defend against the alleged Rule 11 violations, thereby justifying his continued filing of pleadings after Judge Davis granted Plummer's motion to quash and to enter a protective order. However, in light of the factually similar *Edwards v. Groner* case, it appears that the unexplained and irrelevant content of a number Flinn's pleadings and accompanying exhibits constitutes a violation of Rule 11.

Finally, an award of the requested attorney's fees that relate to the Rule 11 violation seems both reasonable and appropriate. The Petition for Attorney's Fees itemizes only those costs attributable to Attorney Kaine's work on Plummer's Rule 11 claim in this case.

For the reasons outlined above, the Motion for Rule 11 Sanctions against Gene Flinn is hereby *granted*. Mr. Flinn is ordered to pay attorney's fees in the amount of $2,100.00 to Lawrence Plummer.