**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 11 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRIEDERICH KOENIG, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> TOWN OF YUCCA VALLEY and SHANE STUECKLE, in his official capacity as acting City Manager and Deputy Manager of the Town of Yucca Valley, <br><br> Defendants-Appellees. | No. 14-56608 <br><br> D.C. No. 5:14-cv-01310-R-SH <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted August 2, 2016
Pasadena, California

Before: REINHARDT, KOZINSKI, and WARDLAW, Circuit Judges.

Friederich Koenig ("Koenig") appeals the district court's grant of a motion

to dismiss his claim that the Town of Yucca Valley ("Town") violated his First

Amendment rights.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. First, we find that Koenig has not adequately alleged that the Town has, in fact, restricted what he may say. Nothing in the complaint or record suggests that Koenig was prevented from presenting his materials directly to the Planning Commission, and indeed, the complaint and record reflect that Koenig presented his filing in full to the Town Council, the body charged with the final decision on permit applications. Moreover, Koenig not only submitted his documents to the Town Council, but the judicially noticed meeting minutes in the record show that he in fact spoke in person at both the Commission and the Council hearings. Given these facts, we agree with the district court's conclusion that the Town did not prevent or restrain Koenig's free speech.

2. We additionally reject Koenig's contention that by including public comments in the staff report, the Town transformed the document into a limited public forum. Neither our First Amendment precedent nor the text of California's Brown Act supports Koenig's claims.

When the government incorporates multiple speakers' messages into a larger compilation, it does not necessarily create a public forum. *See, e.g.*, *Pleasant Grove City v. Summum*, 555 U.S. 460, 478-81 (2009) (holding that by opening a park to certain privately donated monuments, the government did not render the space a public forum). The "government does not create a public forum by inaction

2

or by permitting limited discourse, but only by *intentionally* opening a nontraditional public forum for public discourse." *Hopper v. City of Pasco*, 241 F.3d 1067, 1075 (9th Cir. 2001) (quoting *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 802 (1985)). Here, the purpose of the staff report was not to express the full range of public opinion or to provide a space for public debate, but instead to convey a specific recommendation from the Town staff to the Planning Commission. As we have previously held, "[s]imply because the government opens its mouth to speak does not give every outside individual or group a First Amendment right to play ventriloquist." *Downs v. L.A. Unified Sch. Dist.*, 228 F.3d 1003, 1013 (9th Cir. 2000). The decision by the Town staff to support its analysis by attaching certain public submissions in full while failing to include the entirety of others presents no First Amendment quandary.

Koenig's contention that the Brown Act gives substance to his First Amendment claims similarly falls short. The California statute in relevant part provides that: "[e]very agenda for regular meetings shall provide an opportunity for members of the public to directly address the legislative body on any item of interest to the public, before or during the legislative body's consideration of the item[.]" Cal. Gov't Code § 54954.3(a). Here, Koenig was clearly provided the opportunity to address the Planning Commission and the Town Council during their

3

respective meetings. The Brown Act does not guarantee Koenig any further communication with the Commission, and certainly does not require that the Town include his submissions in the pre-hearing staff report.

3. Finally, to the extent that the staff report conveys the Town's internal recommendation to its Planning Commission, it is government speech and the "First Amendment strictures that attend the various types of government-established forums do not apply." *Walker v. Tex. Div., Sons of Confederate Veterans*, 135 S. Ct. 2239, 2250 (2015). We have noted that when the government speaks, "the First Amendment does not preclude the government from exercising editorial control over its own medium of expression." *Downs*, 228 F.3d at 1013 (citation and internal quotation marks omitted). The report was prepared by town staff members, whose names appeared on the "from" line of the document, and it conveyed the staff's own analysis and viewpoint to the Commission. An onlooker would reasonably appreciate the identity of the speakers to be the government, and would understand that the government "has 'effectively controlled' the messages . . . by exercising 'final approval authority' over [them]." *Walker*, 135 S. Ct. at 2249 (quoting *Summum*, 555 U.S. at 473). Thus, we agree with the district court that it was "clearly within the Town staff's prerogative to determine what went in to this report."

The decision of the district court is therefore **AFFIRMED**.