23-204-cv
*Potanovic v. Town of Stony Point*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand twenty-four.

PRESENT:

> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> BETH ROBINSON,
> MARIA ARAÚJO KAHN,
> > *Circuit Judges,*

_____

GEORGE POTANOVIC, JR.,

> *Plaintiff-Appellant,*

v.                                                      23-204-cv

TOWN OF STONY POINT,

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT: JONATHAN R. GOLDMAN, Sussman & Goldman, Goshen, NY.

FOR DEFENDANT-APPELLEE: CRYSTAL R. PECK, Bailey, Johnson & Peck, P.C., Albany, NY.

Appeal from the January 17, 2023 judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on January 17, 2023 is **AFFIRMED**.

Plaintiff-Appellant George Potanovic, Jr. ("Potanovic") appeals from the district court's judgment dismissing his complaint against Defendant-Appellee Town of Stony Point (the "Town"). Potanovic sued the Town, pursuant to 42 U.S.C. § 1983, alleging that it violated his First Amendment free speech and public access rights, as well as his Fourteenth Amendment equal protection rights, by excluding the public comment portion of the Town's bi-weekly Town Board meetings from a live broadcast of the Board meetings hosted and archived on the Town's Facebook page. Potanovic argues that the Town's decision to discontinue broadcasting the public input sessions censored his speech by reducing the size of his audience and infringed his right to access the public input sessions as an

2

at-home viewer. Potanovic also alleges that the Town's policy created an impermissible classification between in-person and at-home attendees in violation of the Equal Protection Clause of the Fourteenth Amendment. The district court dismissed Potanovic's complaint, reasoning that Potanovic did not have a First Amendment right to have his message broadcasted or recorded online and that, to the extent the Town created a classification between the two types of audiences, there was a rational basis for that delineation. *See Potanovic v. Town of Stony Point*, 651 F. Supp. 3d 677, 682–85 (S.D.N.Y. 2023). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

**DISCUSSION**

We review a dismissal for failure to state a claim *de novo*. *See Vengalattore v. Cornell Univ.*, 36 F.4th 87, 101 (2d Cir. 2022). In conducting this review, we determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 102 (2d Cir. 2022) (internal quotation marks omitted). We draw all reasonable inferences from those facts in the plaintiff's favor while

disregarding "conclusory allegations or legal conclusions couched as factual allegations." *Id.*

**I.    First Amendment Claims**

"We analyze speech restrictions on publicly owned property according to a forum-based approach." *Tyler v. City of Kingston*, 74 F.4th 57, 61 (2d Cir. 2023). During the portion of the Town Board meetings in which Board members hear from witnesses, deliberate, and vote on agenda items, the meeting is not a public forum. *See Curnin v. Town of Egremont*, 510 F.3d 24, 29 (1st Cir. 2007) ("The Supreme Court has never extended First Amendment forum analysis to a deliberating legislative body or to the body's rules about who may speak."). But the public input component of the Town Board meetings is clearly a limited public forum. *See Tyler*, 74 F.4th at 61 (noting that public comment period of municipal council meeting was undisputedly a limited public forum). "[I]n limited public fora[,] such as city council meetings, government entities are permitted to restrict the form or manner of speech offered by members of the public" so long as "the restrictions are reasonable and viewpoint neutral." *Id.* at 63.

Although *restrictions* on the form or manner of speech in limited public fora must be reasonable, the First Amendment does not confer a right to compel

governments to *create* a limited public forum of a particular scope and character. *Cf. Heffron v. International Soc. for Krishna Consciousness, Inc.*, 452 U.S. 640, 647 (1981) ("[T]he First Amendment does not guarantee the right to communicate one's views at all times and places or in any manner that may be desired.").

Potanovic argues that the Town's removal of the public comment sessions from the livestream violated his First Amendment free speech rights "by inhibiting his access to certain members of the audience during [the] public input [sessions], thereby restricting his message and effectively censoring him." Appellant Reply Br. 5. He argues "that the Town's policy constitutes a content-neutral restriction o[n] . . . speech in a limited public forum." Appellant's Br. 24.[1]

Potanovic's First Amendment claim is best understood as seeking to compel the Town to create a limited public forum of the scope and character that Potanovic seeks—namely, broadcast online, recorded, and archived. If, hypothetically, the Town provided an opportunity for members of the public to address the Town Board in person on a separate day, untethered to the Town Board's livestreamed

---

[1] In his brief, Potanovic argues that strict scrutiny should apply to the Town's policy because it "substantially interferes with and restricts speech that is otherwise permitted in the limited public forum." Appellant Reply Br. 1. This argument lacks merit. Insofar as the policy amounts to a restriction on speech, it "restrict[s] the form or manner of speech offered by members of the public." *Tyler*, 74 F.4th at 63. As we noted in *Tyler*, "[s]uch restrictions . . . are not subject to strict scrutiny[,] [and] courts need only assess whether the restrictions are reasonable and viewpoint neutral." *Id.*

legislative meeting, Potanovic would not have a First Amendment right to compel the Town to expand the limited public forum it thereby created beyond its defined scope by livestreaming the meetings just because the Town had the technology to do so. The fact that the Town's public comment period is temporally adjacent to the Town Board's (nonpublic) legislative meeting does not change this analysis.

More fundamentally, we see no restriction on Potanovic's speech in the Town's decision to create a limited public forum only for in-person speakers and listeners. He has not alleged that he or any other member of the public was prevented from attending the Town Board meetings in person, or from speaking to in-person audiences during the public input sessions. In fact, Potanovic alleges in his complaint that, after the challenged policy took effect, he nonetheless continued to speak in person during the public input session and intended to do so in future meetings.[2] Thus, Stony Point's decision not to broadcast or record Potanovic's speech is not, in this context, a restriction under the First Amendment.[3]

---

[2] Potanovic argues, *inter alia*, that the Town's policy is an impermissible time, place, and manner restriction on speech. We decline to address this argument, which was not raised below. *See In re Nortel Networks Corp. Securities Litigation*, 539 F.3d 129, 133 (2d Cir. 2008) (explaining that we may consider waived arguments when "necessary to avoid a manifest injustice," but not when "those arguments were available to the parties below and they proffer no reason for their failure to raise the arguments below" (cleaned up)).

[3] Potanovic's "right of access" claim is similarly meritless. We have never recognized that the First Amendment creates a freestanding right to access municipal meetings. Moreover, even

*See Ysursa v. Pocatello Educ. Ass'n*, 555 U.S. 353, 358 (2009) (clarifying that state governments cannot be "enlist[ed]" to propagate private speech); *see also Koenig v. Town of Yucca Valley*, 657 F. App'x 698 (9th Cir. 2016) (observing that because the plaintiff was not prohibited from presenting materials to the local planning commission, the municipality's decision not to include his remarks in a town staff report was not a restriction on First Amendment speech).

**II. Equal Protection Claim**

Potanovic also argues that "by cutting the live-stream of its public meetings during the public input session," the Town treats in-person attendees at its Board meetings differently from those viewing the Board meeting online and thus violates the Equal Protection Clause. Appellant Br. 27–28. We again disagree.

In the circumstances here, which do not implicate a suspect class, a classification must be upheld if "any reasonably conceivable state of facts" supports the existence of a rational basis for the classification. *FCC v. Beach Communications, Inc.*, 508 U.S. 307, 313 (1993). Potanovic argues that the Town

---

if such a right exists, it was not infringed here because the public can view the public input sessions by attending the meetings in person. *See United States v. Yonkers Bd. of Educ.*, 747 F.2d 111, 113 (2d Cir. 1984) (concluding, in part, that ban on video recording courtroom proceedings did not violate plaintiff's "right of access" because plaintiff could still attend proceedings in person).

never articulated a reason for the classification at issue. Joint App'x at 10. But we do not require the legislature to explain its motivation for adopting a change in policy in these circumstances. *See id.* at 315. Here, as the district court noted below, it is conceivable that the Town decided against the live broadcast and recording of the public input session to protect the privacy of in-person attendees or to engage and encourage robust in-person debate. *See Potanovic*, 651 F. Supp. 3d at 684. We can conceive of other rationales—such as avoiding broadcasting offensive content. *See* Wikipedia, *Zoombombing*, https://en.wikipedia.org/wiki/Zoombombing [https://perma.cc/WD2V-RUCA] (last visited June 7, 2024). Such rationales are sufficient to satisfy the rational basis standard and, thus, to support the conclusion that Potanovic has failed plausibly to allege a violation of the Equal Protection Clause.

\* \* \*

We have considered Potanovic's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk